UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYCOS, INC., )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>BLOCKBUSTER, INC., )<br>    Defendant. ) | C.A. No. 07-11469-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                        December 23, 2010

I. INTRODUCTION

    Plaintiff Lycos, Inc. ("Lycos") and defendant Blockbuster, Inc. ("Blockbuster") have agreed to settle this case, but have made the settlement contingent upon the court vacating its order granting partial summary judgment in favor of Blockbuster. Specifically, Lycos is moving for an order vacating the grant of summary judgment to Blockbuster with respect to infringement of U.S. Patent No. 5,867,799 (the "'799 patent"), as well as the claim construction of terms recited in the '799 patent and U.S. Patent No. 5,983,214 (the "'214 patent") as incorporated in the summary judgment ruling and in associated transcripts. For the following reasons, Lycos's motion is being allowed, and the summary judgment order and associated claim construction are being vacated.

II. PROCEDURAL HISTORY

    This is a patent infringement case brought by Lycos against Blockbuster. Lycos alleged that the defendants' respective

software and systems for recommending TV shows and/or movies to customers infringe two patents, the '799 patent and the '214 patent.[1]

At the September 10, 2008 scheduling conference, Blockbuster argued that limited issues of claim construction and fact would resolve the case or materially improve the chances of settlement. The court set a briefing schedule for summary judgment motions on those limited issues. See Sept. 12, 2008 Order.

Blockbuster filed a Motion for Summary Judgment on those limited issues on November 21, 2008. The court held hearings on the motion on June 15 and 16, 2009.

With respect to the '799 patent, in which the term "network" was used, "the [c]ourt construe[d] 'network' to mean 'Internet or other large-scale wide area network'" and stated that "the claims are unambiguously limited to exclude those systems that process informons which are not received from a network." June 16, 2009 Tr. at 25, 26-27. The court also construed the '799 patent to require filtering informons from a network "in a real time data

---

[1] Lycos also named as defendants TiVO, Inc. ("TiVO") and Netflix, Inc. ("Netflix"). TiVO settled with Lycos prior to the summary judgment proceedings. See June 27, 2008 Order. Following the summary judgment proceedings discussed below, the court allowed Netflix's motion for summary judgment and entered a final judgment for Netflix pursuant to Fed. R. Civ. P. 54(b). See Aug. 13, 2009 Amended Judgment; Aug. 12, 2009 Order; June 18, 2009 Order. The court understands that Lycos and Netflix ultimately settled in lieu of appeal. See Oct. 14, 2009 Mandate of the United States Court of Appeals for the Federal Circuit; Oct. 9, 2009 Tr. at 4-5.

stream" rather than from a database.  Id. at 6-7, 29, 30, 38.  The court found that Blockbuster, which received informons from the internet but stored them in a database rather than filtering them in real time from the data stream, did not infringe the '799 patent.  Id. at 33, 38.

With respect to the '214 patent, the court construed the requirement that "the system generate an output rating predictor of the informon 'for consideration by the user'" to "require[] that the system generate an output rating predictor for all of those informons that will be presented to the user, but not that the rating predictor itself need be presented to the user."  Id. at 34.  Consequently, Blockbuster, which "display[ed] a group of recommended movies to the user" without providing "any calculated values of the movies to the user," was not entitled to summary judgment regarding infringement of the '214 patents in this respect.  Id. at 15, 38.

Accordingly, the court ordered partial summary judgment by allowing Blockbuster's Motion for Summary Judgment with respect to the '799 patent and denying it with respect to the '214 patent.  In an October 15, 2009 Order, the court scheduled discovery and other preparations for a June 14, 2010 Markman hearing on the remaining claims in dispute.  However, shortly thereafter, Lycos moved to enforce a settlement agreement, and the court, with the assent of the parties, postponed all deadlines pending resolution of that

motion. See Jan. 26, 2010 Order. At the hearing on the motion to enforce a settlement agreement, it became apparent that the parties were very close to an agreement, and the court ordered additional settlement discussions. See Mar. 4, 2010 Order. The parties then reported that they had agreed to settle, but that the settlement was contingent upon the court granting Lycos's Motion to Vacate. In that motion, Lycos asks that the court (1) "vacate its Order granting summary judgment in favor of Defendant Blockbuster . . . with respect to infringement of" the '799 patent; and (2) "vacate its claim construction of terms recited in the '799 patent and [the '214 patent] as incorporated in its summary judgment ruling . . . and as set forth in the transcripts of the proceedings held on June 15-16, 2009."[2] Mot. to Vacate at 1.[3]

III. DISCUSSION

In this patent case, the law of the Federal Circuit controls whether a judgment is final. See Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330-31 (Fed. Cir. 2007). In the Federal Circuit, a final judgment "is a decision issued by the trial court which 'ends the litigation on the merits and leaves

---

[2] Lycos is not seeking vacateur of the grant of summary judgment to Netflix. See Motion to Vacate at 2 n.1.

[3] This case was administratively closed from September 24, 2010, until December 20, 2010, due to the automatic stay arising out of Blockbuster's bankruptcy proceeding. The automatic stay was lifted with respect to this case by a December 16, 2010 Order of the United States Bankruptcy Court for the Southern District of New York.

4

nothing for the court to do but execute the judgment.'" Id. (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978)). Where, as here, a court grants summary judgment as to one claim while one or more other claims remain pending, the order is not final unless the court expressly finds there is no just reason for delay and enters judgment pursuant to Federal Rule of Civil Procedure 54(b). See id. Because the court has not made such a finding or entered a judgment for Blockbuster pursuant to Rule 54(b), the order granting partial summary judgment to Blockbuster with respect to the '799 patent was not a final judgment. The court may thus modify its grant of partial summary judgment at any time prior to the entry of a final judgment. See Fed. R. Civ. P. 54(b). Similarly, the court has the authority to modify claim construction prior to the entry of a final judgment. See, e.g., Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd., 599 F.3d 1308, 1316 (Fed. Cir. 2010).

Although the court has the power to modify the orders at issue, there is little authority describing when, if ever, the court should exercise this power to grant vacatur of a non-final order in connection with settlement. In 1994, in U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18 (1994), the Supreme Court held that courts of appeals could vacate a final judgment in connection with settlement in "exceptional circumstances." See 513 U.S. at 29; see also Wal-Mart Stores, Inc.

5

v. Rodriguez, 322 F.3d 747, 749 (1st Cir. 2003)(applying Bancorp and vacating a preliminary injunction order after the parties settled during interlocutory appeal); Motta v. District Dir. of I.N.S., 61 F.3d 117, 119 (1st Cir. 1995)(per curiam)(applying Bancorp and vacating district court's decision following settlement during appeal); cf. Kerkhof v. MCI WorldCom, Inc., 282 F.3d 44, 53-54 (1st Cir. 2002)(applying Bancorp and vacating judgment where one party unilaterally mooted the appeal). The Court held that this standard is not satisfied by the mere fact of settlement, but rather that the court must make an "equitable" determination, which must include consideration of the public interest. Bancorp, 513 U.S. at 29. However, as one judge of the Federal Circuit has noted, "Bancorp did not . . . address the power of the district court to vacate non-final orders pursuant to a settlement agreement" and, "by its terms, does not apply to district courts but rather only to the Supreme Court and to courts of appeals." See Dana v. E.S. Originals, Inc., 342 F.3d 1320, 1328 (Fed. Cir. 2003)(Dyk, J, concurring). It follows that the "exceptional circumstances" standard established by Bancorp does not necessarily apply here, where Lycos seeks to vacate the non-final order of a district court.

In 2009, in Vertex Surgical, Inc. v. Paradigm Biodevices, Inc., 648 F. Supp. 2d 226 (D. Mass. 2009), consistent with Bancorp and pursuant to Federal Rule of Civil Procedure 60(b)(6), Judge

Douglas P. Woodlock denied vacatur of a summary judgment ruling where there were no "exceptional circumstances" other than the parties agreement to settle if vacatur was granted. See 648 F. Supp. 2d at 239. However, unlike this case, the parties in Vertex did not seek vacatur to facilitate settlement until after the entry of a final judgment. See id. Indeed, the Rule 60(b)(6) standard applied in Vertex cannot be applied in the absence of a final judgment. See Farr Mann & Co. v. M/V Rozita, 903 F.2d 871, 874-75 (1st Cir. 1990)("It is, by this time, well settled that Rule 60 applies only to final judgments.").[4] Here, there is no final judgment. Rather, the parties are attempting to resolve this case at a relatively early stage, well before the Markman hearing on the remaining disputed claims and long before trial. Accordingly, while Vertex raises important and relevant concerns regarding the potential consequences of vacatur in connection with settlement, its holding and standard are not directly on point. See Vertex, 648 F. Supp. 2d at 239; see also Freedom Wireless, Inc. v. Boston Commc'ns Group, Inc., C.A. No. 00-12234, 2006 WL 4451477, at *1-2 (D. Mass. Oct. 11, 2006)(finding exceptional circumstances and granting vacatur after final judgment in a patent case).

Judge Timothy B. Dyk of the Federal Circuit has recently emphasized that a motion to vacate a non-final order in connection

---

[4] The standards for applying Rule 60 are derived from the law of the regional circuit. See Garber v. Chicago Mercantile Exchange, 570 F.3d 1361, 1363 (Fed. Cir. 2009).

7

with settlement may be an appropriate mechanism to facilitate settlement by "prevent[ing] interim decisions . . . from having collateral estoppel effects in future third party litigation." See Dana, 342 F.3d at 1328 (Dyk, J., concurring). In 2008, in Cisco Sys., Inc. v. Telcordia Techs., Inc., 590 F. Supp. 2d 828 (E.D. Tex. 2008), the United States District Court for the District of Texas adopted this approach and vacated a non-final claim construction order after considering factors derived from Bancorp, including the public interest in the orderly and efficient operation of the federal judicial system and the private interests of the parties. See 590 F. Supp. 2d at 830; see also Allen-Bradley Co. v. Kollmorgen Corp., 199 F.R.D. 316, 318, 320 (E.D. Wis. 2001)(considering Bancorp's reasoning but declining to vacate a Markman order). Consistent with this approach, the court is deciding the Motion to Vacate as an exercise of its equitable discretion by considering the concerns articulated by Bancorp, despite the fact that Bancorp does not establish a binding standard in these circumstances. See Cisco, 590 F. Supp. 2d at 830.

As to the public interest, vacatur in connection with settlement in this case will promote the orderly operation of the federal judicial system. Courts have granted vacatur based on the public policy encouraging the settlement of private disputes. See Freedom Wireless, 2006 WL 4451477, at *2. Even courts denying vacatur have recognized the value of settlement to the public. See

8

Vertex, 648 F. Supp. 2d at 237. As a general matter, encouraging settlement of complex civil litigation in the district court and at a relatively early stage conserves scarce judicial resources. See Bancorp, 513 U.S. at 28. District courts are called upon to adjudicate numerous cases, many of which involve detained criminal defendants awaiting trial, and could usefully employ the time saved by disposing of civil cases which the parties deem unnecessary to continue. Indeed, the Supreme Court in Bancorp expressly noted that "the judicial economies achieved by settlement at the district-court level are ordinarily much more extensive than those achieved by settlement on appeal." Id.

In the instant case, the judicial resources conserved by settlement will be substantial. To be sure, the court expended its time and attention to decide certain issues of claim construction and summary judgment. However, the case remains at a relatively early stage. The court has not yet held a Markman hearing on the remaining disputed claims or decided motions for summary judgment that will likely arise from the construction of them. Nor has it made any significant preparations for trial. At this stage of a patent case involving complex technology, settlement will conserve substantial judicial resources. See Allen-Bradley, 199 F.R.D. at 318 ("Settlement that spares the court a Markman hearing will often save much more in terms of judicial resources than will settlement that obviates the need for a trial or entry of judgment in a non-

9

patent case.").

The savings discussed above may, however, be offset to some extent by additional costs to the public. Although the effect is necessarily uncertain, the availability of vacatur in connection with settlement may encourage some parties to refuse early settlement in favor of "roll[ing] the dice" and pursuing vacatur of any unfavorable decision. See Bancorp, 513 U.S. at 27-28; Allen-Bradley, 199 F.R.D. at 318 (noting the availability of vacatur may "encourage the gambler within some litigants"). Additionally, although the court's grant of partial summary judgment and associated claim construction are matters of public record and may be of persuasive value to courts in the course of any future litigation, vacatur will deprive the courts and the public of any preclusive effect. See Dana, 342 F.3d at 1322 (holding, when applying the law of the Eleventh Circuit, that an order of partial summary judgment was sufficiently final to be given preclusive effect); Vertex, 648 F. Supp. 2d at 238-39 (noting that the doctrine of collateral estoppel conserves resources by "limit[ing] repeat players, like patent holders, to a single bite of the apple if they are one-time losers on a relevant issue").

As to the private interests at stake, the parties have a substantial interest in settlement. As previously noted, the court's claim construction is likely to have some preclusive effect with respect to at least the '799 patent. The court is informed

10

that this preclusive effect of the court's construction will substantially devalue the '799 patent and, therefore, in the absence of vacatur, Lycos (and, consequently, Blockbuster) will be effectively forced to litigate this case through expert and fact discovery, another Markman hearing, another motion for summary judgment, trial, and appeal. See Cisco, 590 F. Supp. 2d at 832. In addition, the fact that the court encouraged settlement is an equitable factor that weighs in favor of the parties, see Motta, 61 F.3d at 118-19, as does what has been described as the "special solicitude for protecting the rights of claimants to intellectual property." See Vertex, 648 F. Supp. 2d at 238 (citing Major League Baseball Props., Inc. v. Pacific Trading Cards, Inc., 150 F.3d 149, 152 (2d Cir. 1998)).

In essence, there are substantial public and private benefits to vacatur in connection with settlement in this case. While there may be certain public costs, the balance of the equities in this case favors vacatur.

IV. ORDER

Accordingly, it is hereby ORDERED that:

1. Lycos's Motion to Vacate (Docket No. 216) is ALLOWED.

2. The court's summary judgment order of non-infringement in favor of Blockbuster and the court's claims constructions are VACATED.

3. By January 7, 2011, the parties shall file the stipulated

order of dismissal.

                              /s/ Mark L. Wolf
                         UNITED STATES DISTRICT JUDGE